■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. JAMES AUSTIN, Appellant, v NEW YORK STATE BOARD OF PAROLE et al., Respondents. — In a habeas corpus proceeding, petitioner appeals from a judgment of the Supreme Court, Queens County (Rotker, J.), entered April 27, 1983, which dismissed the writ. ¶ Judgment reversed, on the law, without costs or disbursements, petition granted and petitioner restored to parole status. ¶ Petitioner, while on parole in New York for sale of a controlled substance, was arrested in New Jersey on August 15, 1982. He failed to notify his parole officer of the arrest, and thereafter a parole violation warrant was lodged against him with New Jersey authorities on September 13, 1982. They refused to release petitioner to the New York authorities until he had posted bail. He posted bail and waived extradition to New York on January 18, 1983. Petitioner's parole officer was notified on January 19, and on that same day made arrangements with the Division of Parole Warrant Squad to transport petitioner to New York State. He was not transported to New York until January 25, at which time he was presented with a notice of parole violation and scheduled for a preliminary hearing. ¶ At issue is the date on which petitioner became subject to the "convenience and practical control" of the Board of Parole, thus starting the 15-day period within which petitioner was entitled to a preliminary hearing (*People ex rel. Gonzales v Dalsheim,* 52 NY2d 9; Executive Law, § 259-i, subd 3, par [c], cl [i]). The preliminary hearing was originally scheduled for February 2, 1983, within 15 days from the time petitioner became subject to the control of the New York State Board of Parole whether that date was January 19 or January 25. However, petitioner requested an adjournment to March 2, and the Division of Parole thereafter requested an adjournment to March 7. This latter adjournment requested by the division brought to 19 the number of days chargeable to the board, measured from January 19, four days beyond the 15-day statutory minimum. ¶ It is well settled that the Parole Board bears the burden of proof to show that a parolee was not subject to its "convenience and practical control" (*People ex rel. Gonzales v Dalsheim, supra*). Here, no evidence was offered to explain the delay from January 19 to January 25, when petitioner was returned to New York. Therefore, it must be presumed that petitioner was subject to the control of the board as of January 19, 1983 and that his

preliminary hearing was not timely. Accordingly, the petitioner is ordered to be returned to parole status. Thompson, J. P., Bracken, Rubin and Eiber, JJ., concur.